**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.**

NUVAL TRADE S.A.,

Petitioner,

vs.

SADOT LATAM LLC

Respondent
_________________________/

**NUVAL TRADE S.A. VERIFIED PETITION TO CONFIRM A FOREIGN ARBITRATION AWARD**

Pursuant to Chapter 2 of the Federal Arbitration Act (the "FAA") and the 1958 New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 ("the New York Convention"), Petitioner Nuval Trade, S.A. ("Nuval") petitions this Court for entry of a judgment:

(i) confirming, recognizing and enforcing a April 17, 2026, Award ("Award") rendered in the arbitration between Petitioner Nuval and Respondent Sadot Latam LLC ("Sadot");

(ii) entering judgment in favor of Naval Trade S.A.'s favor against Sadot in the amount of the Award with interest; and

(iii) granting Nuval such relief as the Court deems just and proper.

## I. INTRODUCTION

1. Nuval has prevailed in an international arbitration against Sadot that was held in London, England on April 17, 2026, captioned *"In The Matter of The Arbitration Act 1996 and In The Matter of An Arbitration Pursuant to the Arbitration Rules No. 125 of the Grain and Feed Trade Association Between Nuval Trade S.A. and Sodat Latam LLC "Arbitration No: 19-403,* Nuval claimed Arbitration on August 27, 2024" (the Arbitration").

2 The Tribunal of Arbitrators consisting of three (3) Arbitrators issued an Award in Nuval's favor that is final and enforceable under the New York Convention.

3 The United States is a party to the New York Convention and implemented it pursuant to Chapter 2 of Title 9 of the U.S. Code. *See* 9 U.S.C. §§ 201 *et seq.*

4 In accordance with the express mandate of Congress and the obligations assumed by the United States under the New York Convention, this Court must enforce the Award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

5. The grounds specified in the New York Convention for refusing the recognition or enforcement of an arbitration award are extremely limited, and no ground barring enforcement exists here.

6. Accordingly, Nuval is entitled to entry of a judgment as requested.

## II. PARTIES

7. Nuval is a corporation incorporated and existing under the laws of Switzerland and its principal place of business located at Rue Robert-Ceard 6, 1204 Geneva, Switzerland.

8. Sadot is a Delaware limited liability company, which, upon information and belief, maintains a principal place of business in Florida located at 2600 Douglas Road, Suite 713, Coral Gables, Miami-Dade County, Florida. Sadot may be served with process of this Petition by serving its registered agent for service, Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

## III. JURISDICTION AND VENUE

9. The Award is governed by the New York Convention as this is an action to enforce an arbitral award rendered in the United Kingdom of Great Britain (a New York Convention contracting state) and because the United States is also a contracting state to the New York Convention. An arbitral award arising out of a commercial legal relationship falls under the New York Convention where the relationship is not entirely between citizens of the United States. 9 U.S.C. § 202. The arbitral award at issue arises out of a commercial legal relationship set forth in the Contracts between Nuval, a non-U.S. citizen, and Sadot, a citizen of the United States as set forth above. Therefore, this Court has original jurisdiction over this matter under 9 U.S.C. § 203, regardless of the amount in controversy.

10. In an action to confirm a foreign arbitration award, venue is proper in "any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought

.... "9 U.S.C. § 204. In this case, but for the arbitration agreement, the case could have been brought in this Court. *See Happy CP Co. Ltd v. Eight3Five, Inc,* 2024 Lexis 226621, at *6 (S.D. Florida. December 16, 2024) ("venue in admiralty cases is proper in any court with personal jurisdiction over the defendant."). Venue is proper in this district, because Sadot's principal place of business in Florida is located in Miami-Dade County, Florida.

## IV. THE ARBITRATION

11. Nuval and Sadot entered into two Contracts, Contract 122664 dated February 27, 2024 (the "First Contract") and Contract 122668 dated April 9, 2024 (the "Second Contract") (together "the Contracts") for the sale and purchase of Argentine Extracted Toasted Soybean Meal. Also, "One Safe Berth" in Bulk, FOB to one safe upriver Argentina Port. A true and correct copy of the Contracts which provide for Arbitration are attached hereto as **Exhibit A.**

12. Sadot breached the Contracts and Nuval initiated arbitration under the rules of the Arbitration Act 1996 pursuant to the Arbitration Rules 125 of the Grain and Feed Trade Association (the "**GAFTA**").

Pursuant to the GAFTA rules, Nuval nominated Ms. D. Galloway as t's arbitrator. Sadot failed to appoint an arbitrator within the time prescribed. Gafta appointed Ms. C. Liu as Sadot's Arbitrator and Gafta appointed Mr. S. Davis as the third arbitrator and Chairman of the Tribunal.

## V. THE PARTIAL AWARD

13. On April 17, 2026, the arbitrators issued an award in favor of Nuval (the "Partial Award"). The Partial Award provides as follows:

A. **Nuval was awarded the sum of USD $12,025,396.32**, comprised of $11,062,896.32 due against the First Contract and USD $962,500.00 due against the Second Contract.

B. **Nuval was awarded interest** on the sum of USD $11,062,896.32 August 13, 2024, at the rate of 5% per annum, compounded at three-monthly rests until date of payment was granted in full.

C. **Nuval was awarded interest** on the sum of USD $962,500.00 from February 11, 2025, at the rate of 5% per annum, compounded at three-monthly rests until date of payment was granted in full.

D. **Nuval was awarded the fees and costs of the Arbitration** set in the Partial Award in the amount of £23,845.00 GBP (Great British Pound). On this date, the conversion rate from GBP is the U.S. Dollar is 1 GBP for 1.335 US Dollar totaling **$31,967.64 USD.**

A true and correct copy of the Award is attached hereto as **Exhibit B.**

14. The payments required by the award were due to be paid, however, no payment was received and all amounts are still outstanding.

15. This Petition seeks confirmation, recognition and enforcement of the Award by this Court.

## VI. PETITION TO CONFIRM THE AWARD

16. Nuval now moves this Court to confirm the Award. The Award is final, binding, and subject to enforcement by this Court. *See, e.g., Happy CP Co. Ltd v. Eight3Five, Inc,* 2024 Lexis 226621, at *3 (S.D. Florida. December 16, 2024) ("[u]nder the [New York Convention], any party to arbitration may apply to the court for an order confirming an arbitration award within three years after the award is made.").

17. This Petition is timely, as the Award was issued on April 17, 2026. under the New York Convention, a motion to confirm a foreign arbitration award must be filed within three years after the award was made. 9 U.S.C. § 207.

## VII. THERE ARE NO GROUNDS FOR REFUSAL OR DEFERRAL OF RECOGNITION OR ENFORCEMENT OF AWARD

18. On a timely filed motion to confirm a foreign arbitral award, confirmation of the award is presumed under the New York Convention unless there are grounds for refusal or deferral of recognition or enforcement of the award. 9 U.S.C. § 207; *see also Scherk v. Alberto-Culver Co.,* 417 U.S. 506,520 n. 15 (1974) ("The goal of the [New York] convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries.").

19. In keeping with the strong federal policy favoring arbitration, confirmation proceedings under the New York Convention are generally summary in nature. *Belize Bank Ltd. v. Gov't of Belize, 191 F. Supp. 3d26, 35 (D.D.C. 2016).*

20. The New York Convention provides that covered awards must be enforced, absent very specific and limited grounds. Section 207 provides that confirmation is mandatory "unless [the Court] finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. Accordingly, United States courts have little discretion to refuse to confirm an award under the FAA.

21. The burden of proof is on the party defending against enforcement of the arbitral award under the New York Convention. *Belize Bank Ltd.*, 191 F. Supp. 3d at 35 (" '[T]he burden of establishing the requisite factual predicate to deny confirmation of an arbitral award rests with the party resisting confirmation,' and the 'showing required to avoid summary confirmation is high.' ") (internal citations omitted).

22. Pursuant to 9 U.S.C. § 207, Nuval is therefore entitled to immediate confirmation, recognition and enforcement of the Award under the New York Convention and respectfully requests that the Court enter judgment against Sadot in the amount of the Award with compound interest as required by the Award.

## VIII. ATTACHMENTS

23. In support of this motion to confirm, Nuval includes documents attached as Exhibits which are incorporated herein by reference.

24. Nuval requests that the Court include the attached exhibits with its order confirming the Award.

## IX. CONCLUSION AND REQUEST FOR RELIEF

For the reasons set forth herein, Nuval Trade S.A. respectfully requests that this Court enter an order:

1. Confirming the Award in favor of Petitioner Nuval Trade S.A., against Respondent Sadot Latam LLC.

2. Entering judgment in favor of Petitioner Nuval Trade S.A., against Respondent Sadot Latam LLC in accordance with the Award that:

   a. Sadot Latam LLC shall pay Nuval Trade SA, as damages the sum of **USD $12,025,396.32**, comprised of $11,062,896.32 due against the First Contract and

USD $962,500.00 due against the Second Contract.

b. Sadot Latam LLC shall pay Nuval Trade SA interest on the sum of **USD $11,062,896.32** from August 13, 2024, at the rate of 5% per annum, compounded at three-monthly rests until date of payment was granted in full.

c. Sadot Latam LLC shall pay Nuval Trade SA interest on the sum of **USD $962,500.00** from February 11, 2025, at the rate of 5% per annum, compounded at three-monthly rests until date of payment was granted in full.

d. Sadot Latam LLC shall pay Nuval Trade SA the fees and costs of the Arbitration as set in the Award in the sum **of £24,845.00 GBP** (Great British Pound). On this date, the conversion rate from GBP is the U.S. Dollar is 1 GBP for 1.335 US Dollar totaling **USD $33,043.85.**

Nuval Trade SA asks the Court to include these amounts owed by Sadot Latam LLC on the face of the Final Judgment entered, to assist with enforcement efforts.

3. Granting such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Roy R. Lustig, Esq.
Roy R. Lustig (Fla. Bar No. 280070)
Law Offices of Roy R. Lustig,
A Professional Association
20900 NE 30th Avenue
Suite 600
Aventura, FL 33180
Telephone: (305) 371-4213
Facsimile: (305) 937-1311
Email: Roy@RLustig-Law.com and
Assistant@RLustig-law.com
ATTORNEY FOR PETITIONER,
NAVAL TRADE SA.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OFFLORIDA**
**MIAMI DIVISION**

**Case No.**

NUVAL TRADE S.A.,

Plaintiff,

vs.

SADOT LATAM LLC

Defendant

_______________________/

VERIFICATION

The State of Florida
County of Miami-Dade

1. My name is Roy R. Lustig. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

2. I am the principal of the law firm of Roy R. Lustig, PA, attorney for petitioner Nuval Trade S.A.

3. I have read the foregoing Verified Petition to Confirm a Foreign Arbitration Award and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

4. I am authorized to make this Verification on behalf of Nuval Trade S.A.

_______________________
Roy R. Lustig

**STATE OF FLORIDA )**
**COUNTY OF MIAMI-DADE )**

The foregoing instrument was sworn to and acknowledged before me this 20th day of July 2026, by Roy R. Lustig by means of [✓] physical presence or [ ] on line notarization who is personally known by me [ ] or has, have produced a picture identification [ ].

_______________________
NOTARY PUBLIC, State of Florida

NOTARY PUBLIC STATE OF FLORIDA
MARIA E. GOODLEY
Commission # HH 285375
Expires August 11, 2026