**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OFFLORIDA**
**MIAMI DIVISION**

**Case No. 1:26-cv-24900 MORENO**

NUVAL TRADE S.A.,

Plaintiff,

vs.

SADOT LATAM LLC

Defendant
_______________________/

**NUVAL TRADE S.A., MOTION FOR ENTRY OF A FINAL JUDGMENT AGAINST RESPONDENT SADOT LATAM LLC AND CONFIRMING A FOREIGN ARBITRATION AWARD AGAINST SADOT LATAM LLC.DEFAULT AGAINST SADOT LATAM LLC**

COMES NOW Petitioner Nuval Trade S.A. ("Nuval"), and files this Motion for Entry of a Final Judgment against Respondent Sadot Latam LLC and Confirming a Foreign Arbitration Award against Respondent Sadot Latam LLC ("Sadot"), and would respectfully show this Honorable Court as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. The facts supporting Nuval's instant motion seeking a final judgment against Sadot are set forth in detail in Nuval's Verified Petition to Confirm a Foreign Arbitration Award [*See* Doc. No. 1], which was filed with this Court on July 20, 2026, and which Nuval fully incorporates herein by reference.
2. By way of background, Nuval has prevailed in an international arbitration against Sadot that was held in London, England on April 17, 2026, captioned "In The Matter of The Arbitration Act 1996 and In The Matter of An Arbitration Pursuant to the Arbitration

Rules No. 125 of the Grain and Feed Trade Association Between Nuval Trade S.A. and Sadat Latam LLC "Arbitration No: 19-403' (the "Arbitration").

3. The Tribunal of Arbitrators consisting of three (3) Arbitrators issued an Award in Nuval's favor that is final and enforceable under the New York Convention.

4. The United States is a party to the New York Convention and implemented it pursuant to Chapter 2 of Title 9 of the U.S. Code. *See* 9 U.S.C. §§ 201 *et seq.*

5. In accordance with the express mandate of Congress and the obligations assumed by the United States under the New York Convention, this Court must enforce the Award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

6. The grounds specified in the New York Convention for refusing the recognition or enforcement of an arbitration award are extremely limited, and no ground barring enforcement exists here.

7. As stated above, on July 20, 2026, Petitioner Nuval commenced the instant action through the filing of a Verified Petition to Confirm a Foreign Arbitration Award with this Court. [*See* Doc. No. 1]. Nuval Verified Petition to Confirm a Foreign Arbitration Award petitions this Court for entry of a judgment:

   a. confirming, recognizing and enforcing a April 17, 2026, Partial Award (the "Partial Award") rendered in Arbitration between the Petitioner Nuval and Respondent Sadot;

   b. entering judgment in Nuval's favor against Sadot in the amount of the Partial Award with interest with fees and costs of Arbitration; and

   c. granting Nuval such relief as the Court deems just and proper. (*See* id.).

8. On July 20, 2026, Nuval filed a request for the Clerk to issue a Summons on Sadot [See Doc. No. 3].

9. On July 21, 2026, a copy of the issued Summons and the Verified petition to Confirm a Foreign Arbitration Award was duly served on Respondent Sadot Latam LLC, c/o its Registered Agent Corporation Service Company. [*See* Doc. No. 5].

10. Proof of service that the Summons was executed as to Sadot was filed on July 21, 2026. [*See* id.].

11. On August 14, 2026, Nuval filed its Motion for Entry of a Default Against Sadot Latam LLC, by Clerk of the Court Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure because Sadot failed to answer or otherwise appear in the above-entitled action, and the time appearance expired. [See Doc. No. 6].

12. As a result, on August 14, 2026, U.S. District Court Deputy Clerk, Patricia Curtis, signed the Clerk's Entry of Default thereby entering a default against Sadot. [See Doc. No. 7].

## ARGUMENT

### POINT I

### THIS COURT SHOULD ENTER A FINAL JUDGMENT IN FAVOR OF NUVAL AND AGAINST SADOT CONFIRMING THE AWARD

13. "Once the Clerk enters a default against a defendant pursuant to Federal Rule of Civil Procedure 55(a), that entry cuts off the defendant's right to file any document other than a motion to set aside the entry of default, pursuant to Federal Rule of Civil Procedure 55(c)." *Durham v. Francis S. Table & Bar, LLC*, No. CV24-319-JWD-SDJ, 2025 WL1570971, at *3 (M, D. La June 3, 2025) (quoting *J & J Sports Prods. Inc. v. Kuo*, 2007 WL 4116209, at *2 (W.D. Tex. Nov. 15, 2007) (internal quotations removed).

14. This Court is a proper court to issue a final judgment confirming the Partial Award because as set forth in the Verified Petition to Confirm a Foreign Arbitration Award this Court has subject matter jurisdiction and personal jurisdiction over the instant dispute and venue is proper.

15. The arbitral Partial Award at issue arises out of a commercial legal relationship in the form of two Contracts, Contract 122664 dated February 27, 2024 (the "First Contract") and Contract 122668 dated April 9, 2024 (the "Second Contract") (together "the Contracts") for the sale and purchase of Argentine Extracted Toasted Soybean Meal. Also, "One Safe Berth" in Bulk, FOB to one safe upriver Argentina Port, between Nuval, a non-U.S. citizen, and Sadot, a citizen of the United States as set forth above. Therefore, this Court has subject matter jurisdiction over this matter under 9 U.S.C. § 203, regardless of the amount in controversy.

16. There is personal jurisdiction over Sadot in Florida because Sadot, a Delaware limited liability company, upon information and belief, maintains a principal place of business in Florida located at 2600 Douglas Road, Suite 713, Coral Gables, Miami-Dade County, Florida.

17. In an action to confirm a foreign arbitration award, venue is proper in "any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought .... "9 U.S.C. § 204. In this case, but for the arbitration agreement, the case could have been brought in this Court. *See Happy CP Co. Ltd v. Eight3Five, Inc,* 2024 Lexis 226621, at *6 (S.D. Florida. December 16, 2024) ("venue in admiralty cases is proper in any court with personal jurisdiction over the defendant."). Venue is proper in this district because, upon information and belief, Sadot's principal place of business in Florida is located in Miami-

Dade County, Florida.

18. As set forth in Paragraph 16 of the Verified Petition to Confirm a Foreign Arbitration Award the Award is final, binding, and subject to enforcement by this Court. *See, e.g., Happy CP Co. Ltd v. Eight3Five, Inc,* 2024 Lexis 226621, at *3 (S.D. Florida. December 16, 2024) .

19. Nuval's petition to confirm the Partial Award is timely as the partial Award was issued on April 17, 2026. Under the New York Convention, a motion to confirm a foreign arbitration award must be filed within three years after the award was made. 9 U.S.C. § 207.

20. Further, on a timely filed motion to confirm a foreign arbitral award, confirmation of the award is presumed under the New York Convention unless there are grounds for refusal or deferral of recognition or enforcement of the award. 9 U.S.C. § 207; *see also Scherk v. Alberto-Culver Co.,* 417 U.S. 506,520 n. 15 (1974) ("The goal of the [New York] convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries.").

21. For the reasons set forth in the Verified Petition to Confirm a Foreign Arbitration Award, Nuval asks the Court to issue an Order and Judgment entering judgment in favor of Nuval against Sadot in accordance with the Partial Award that:

a. Sadot Latam LLC shall pay to Nuval Trade S.A., as damages, the sum of **U.S. $12,025,396.32** comprised of the First Contract and U.S. $11,062,896.32 due against

U.S. $962,500.00 due against the Second Contract. together with SA interest on the sum of **US $11,062,896.32** from August 13, 2024, at the rate of 5% per annum, compounded at three-monthly rests until date of payment was granted in full ( and will increase by $1,515.46 per day until the date of the entry of the Final Judgment. From August 13, 2024, through August 17, 2026, 734 days, the interest accrued to **US$ 1,112,347.64)** and interest in the sum of **US $962,500.00** from February 11, 2025, at the rate of 5% per annum, compounded at three-monthly rests until date of payment was granted in full (and will increase by $131.84 per day until the date of entry of the Final Judgment. From February 11, 2025, through August 17, 2026, 552 days, the interest accrued to **US$ 72,775.68)**.

b. Sadot Latam LLC shall pay Nuval Trade S.A. the fees and costs of the Arbitration as set in the Award in the sum **of £24,845.00 GBP** (Great British Pound). On this date, the conversion rate from GBP to the U.S. Dollar is 1 GBP for 1.335 US Dollar totaling **US $33,043.85.**

c. Post-judgment interest is payable on all of the above amounts at the rate of 5.0% per annum compounded at three monthly rests from the date of entry of the Final Judgment is paid.

22. Nuval asks the Court to include the amounts owed by Sadot on the face of the Final Judgment entered to assist with enforcement efforts and the granting of such other and further relief as the Court deems just and proper under the circumstances.

23. For the foregoing reasons, Petitioner Nuval respectfully requests that this Court grant Nuval's Motion for Entry of a Final Judgment against Sadot Latam LLC and Confirming a Foreign Arbitration Award against Respondent Sadot Latam LLC, both proposed Order and Judgment are attached as Exhibits.

Respectfully submitted.

/s/ Roy R. Lustig, Esq.
Roy R. Lustig (Fla. Bar No. 280070)
Law Offices of Roy R. Lustig,
A Professional Association
20900 NE 30th Avenue
Suite 600
Aventura, FL 33180
Telephone: (305) 371-4213
Facsimile: (305) 937-1311
Email: Roy@RLustig-Law.com and
Assistant@RLustig-law.com
ATTORNEY FOR PETITIONER,
NUVAL TRADE SA.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August 2026, a true and correct copy of the foregoing document was served on all parties of record by EM/ECF by electronic transmission.

*/s/ Roy R. Lustig*
Roy R. Lustig, Esq.